## (November 13, 1972)

■ KATHLEEN CAIATI, Respondent, v. VITO CAIATI, Appellant.— In a separation action, defendant appeals from so much of an order of the Supreme Court, Westchester County, dated October 21, 1971, as (1) granted plaintiff's motion to reargue her prior motion for temporary alimony, etc., and (2) thereupon, by the second and third decretal paragraphs thereof, directed defendant, *pendente lite*, to furnish support to plaintiff and the three children of their marriage, "such reasonable expenses as are necessary to maintain the home and the other reasonable expenses incidental to the support of his family," etc., plus $40 per week for plaintiff's personal expenses. Order modified by striking therefrom the second and third decretal paragraphs and by substituting therefor a provision directing defendant, *pendente lite*, (1) to pay for the expenses in connection with the marital home, including mortgage interest and amortization, taxes, insurance, fuel and utilities, and (2) to pay plaintiff $175 per week for the support and maintenance of plaintiff and the children of the marriage. As so modified, order affirmed insofar as appealed from, without costs. In our opinion, the foregoing substitute provisions for the temporary support and maintenance of plaintiff and the children of the marriage, which include a specific amount to cover such expenses as food, clothing and medical care, will avoid the difficulties which may have arisen in connection with the implementation of the directions made by Special Term, which were too general in nature (see *Weltz* v. *Weltz*, 35 A D 2d 208; *Manacher* v. *Manacher*, 35 A D 2d 705). Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ CHOCK FULL OF POWER GASOLINE CORP. et al., Appellants, v. AMERICAN OIL COMPANY, Respondent.— In an action for judgment declaring, *inter alia*, that plaintiffs had not defaulted under the terms of an extension and modification agreement concerning certain mortgages assumed by the corporate plaintiff, plaintiffs appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County, dated January 14, 1972, as denied the portions of plaintiffs' motion which were (1) to strike defendant's second and third affirmative defenses and (2) for summary judgment. (The remainder of the motion, which was granted, was to strike defendant's first defense.) Order modified by inserting therein, immediately before the sentence denying the motion "in all other respects", the following: "The second affirmative defense is also struck." As so modified, order affirmed insofar as appealed from, without costs. In our opinion triable issues exist with respect to the execution, meaning and performance of the extension and modification agreement. The second affirmative defense alleges that the action should be dismissed because of nonjoinder of parties having or claiming to have rights which might be affected by a judgment. We find that there are no parties who would be or are so situated (cf. *Matter of Castaways Motel* v. *Schuyler*, 24 N Y 2d 120, 121) and defendant has not stated the nature of the rights which it alleges will be affected. The second defense must therefore be struck. Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.